UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARMANDO HERNANDEZ,<br><br>        Petitioner,<br><br>   v.<br><br>JEFFERY A. BEARD, CDCR DIR.,<br><br>        Respondent. | No. CV 16-2748 SVW (FFM)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY** |

On April 14, 2016, Petitioner Luis Armando Hernandez, Jr. ("Petitioner"), a California prisoner proceeding *pro se*, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). The Petition challenges Petitioner's 1993 sentence for assault with a deadly weapon, attempted murder, and accompanying street-gang sentencing enhancements.

/ / /

/ / /

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Although the Petition contains neither a proof of service nor a date of execution, the envelope containing the Petition bears a small notation dated April 14, 2016.

1

1.     **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citations omitted). For those prisoners whose convictions became final before AEDPA's effective date, the one-year period began running on April 25, 1996. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). Accordingly, "unless a subsection of Section 2244(d) calls for a later initiation of the limitations period," *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001), state petitioners whose convictions were final before April 24, 1996, had until April 24, 1997, to file a federal habeas petition, *Malcom*, 281 F.3d at 955.

While Petitioner asserts that he filed a petition for direct review in the California Supreme Court and that the court denied review, he provides neither a case number assigned by that court nor a date on which his petition for review was denied. (Dkt. No. 1 at 3). Additionally, the California Supreme Court's official records indicate that Petitioner never sought direct review of his conviction or sentence with that court.[2] *See* http://appellatecases.courtinfo.ca.gov/index.html, (last visited April 25, 2016). Accordingly, Petitioner's conviction became final after the period for seeking direct review from the California Supreme Court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Therefore, the Court finds that Petitioner's conviction became final on June 20, 1994, sixty days after the date on which the California Court of Appeal affirmed his conviction on direct review. *See* Cal. R. Ct. 8.308(a) (notice of appeal must be filed "within sixty days after the rendition of the judgment or the making of the order being appealed").

As presented, the facts of the Petition do not demonstrate that "a subsection of

---

[2] The Court takes judicial notice of the California Supreme Court's official records, pursuant to *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (citations omitted).

Section 2244(d) calls for a later initiation of the limitations period." *Hasan*, 254 F.3d at 1153.  Accordingly, Petitioner's period for seeking review expired on April 24, 1997. *Malcom*, 281 F.3d at 955.  Therefore, the Petition is untimely, absent a showing that Petitioner is entitled to a later start date of the limitations period, or to statutory or equitable tolling.

## 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, a petitioner is not entitled to statutory tolling if he filed his initial state habeas petition after the one-year federal limitations period had expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Here, the period during which Petitioner was permitted to file a timely federal habeas petition expired on April 24, 1997.  *See Malcom*, 281 F.3d at 955.  However, the Petition seemingly indicates that Petitioner did not initiate any state habeas proceedings until sometime in 2012, at the earliest.  (Dkt. No. 1 at 30).  A review of official California court records confirms that Petitioner did not file any state habeas petitions until 2012.  *See* http://appellatecases.courtinfo.ca.gov/index.html (last visited April 25, 2016).  Because § 2244(d) "does not permit the reinitiation of the limitations period," Petitioner is not entitled to statutory tolling in this case.  *See Ferguson*, 321 F.3d at 823.

## 3. EQUITABLE TOLLING

The AEDPA limitations period may also be subject to equitable tolling if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible, and the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v.*

1 *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

2     Petitioner has made no showing of extraordinary circumstances or of diligence
3 and, therefore, has not demonstrated that he is entitled to equitable tolling.

4 **4.    ORDER TO SHOW CAUSE**

5     Under the allegations and facts of the Petition, Petitioner has not demonstrated
6 that he is entitled to a later start date of the limitations period.  Therefore, and because
7 the Petition does not demonstrate any basis for tolling the statute, or for setting aside the
8 one-year limitation, the Court orders Petitioner to show cause in writing within 30 days
9 of the date of this order why the Petition should not be dismissed as time-barred.  If
10 Petitioner fails to provide a timely response to this order, the Court will recommend that
11 the Petition be dismissed as time-barred.

13 IT IS SO ORDERED.

15 Dated: April 27, 2016

16                                                 /S/FREDERICK F. MUMM
17                                                 FREDERICK F. MUMM
                                            UNITED STATES MAGISTRATE JUDGE